ROBERT M. ISACKSON (*Pro Hac Vice*)
    rmisackson@orrick.com
CLIFFORD R. MICHEL (*Pro Hac Vice*)
    cmichel@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000

MICHAEL C. TU (State Bar No. 186793)
    mtu@orrick.com
SETH E. FREILICH (State Bar No. 217321)
    sfreilich@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

ROBERT A. COTE (*Pro Hac Vice*)
    rcote@mckoolsmith.com
RODNEY R. SWEETLAND (*Pro Hac Vice*)
    rsweetland@mckoolsmith.com
MCKOOL SMITH
399 Park Avenue
New York, NY 10022
Telephone: (212) 402-9402
Attorneys for Plaintiffs and Counterclaim Defendants
Finmeccanica S.p.A. and Ansaldo Ricerche S.p.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FINMECCANICA S.p.A., an Italian Company, and ANSALDO RICERCHE S.p.A., an Italian Company,<br><br>          Plaintiffs,<br><br>     v.<br><br>GENERAL MOTORS CORPORATION, a Delaware Corporation,<br><br>          Defendant. | Case No. 07-08222 SJO (PJWx)<br>Case No. 07-07537 SJO (PJWx)<br>Consolidated<br>The Honorable S. James Otero<br><br>**STIPULATION FOR ENTRY OF REVISED PROTECTIVE ORDER AND ORDER PURSUANT TO STIPULATION** |
| GENERAL MOTORS CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF ROME "LA SAPIENZA," et al.,<br>          Defendants. | Discovery Cutoff:    Nov. 20, 2008<br>Pretrial Conference:  Jan. 12, 2009<br>Trial Date:            Jan. 20, 2009 |

PROTECTIVE ORDER

1    The parties to the above-captioned consolidated cases have stipulated

2  to the following revised Protective Order, which the parties stipulate should govern

3  both cases going forward, and therefore jointly request that the Court enter it.

4  **IT IS ORDERED** that:

5  **A.** **Definitions.**

6    1.    "Party" means any party to this action, including all of its officers,

7  directors, employees, consultants, retained experts and outside counsel (and their

8  support staff).

9    2.    "Material" means all information, documents and things produced,

10  served or otherwise provided in this action by the Parties or by non-parties,

11  including but not limited to deposition testimony, interrogatory responses, answers

12  to requests for admissions, and all produced documents and tangible things.

13    3.    "Producing Party" means a Party or non-party that produces Material

14  in this action.

15    4.    "Receiving Party" means a Party that receives Material from a

16  Producing Party.

17    5.    "Designating Party" means a Party or non-party that designates

18  information, documents or things that it produces in disclosures or in responses to

19  discovery as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

20    6.    "Designated Material" means Material that is designated

21  "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" under this Protective

22  Order.  "Designated Material" also means Material that is designated by the Lucchi

23  parties or the Professor/University parties pursuant to Paragraph 31A of this

24  Protective Order.  Designated Material does not include, and this Protective Order

25  shall not apply to, information that has been disclosed to the public or someone

26  other than the Receiving Party in a manner making such information no longer

27  confidential.

28    7.    "CONFIDENTIAL Information" means all information, documents

PROTECTIVE ORDER

1  and things the Designating Party believes in good faith is not generally known to

2  others and which the Designating Party: (i) would not normally reveal to third

3  parties except in confidence or has undertaken with others to maintain in

4  confidence; or (ii) believes in good faith is protected by a right to privacy under

5  federal, state or foreign law or any other applicable privilege or right related to

6  confidentiality or privacy.

7       8.     "ATTORNEYS' EYES ONLY Information" means all

8  CONFIDENTIAL Information the Designating Party believes in good faith is not

9  generally known to others and has significant competitive value such that

10  unrestricted disclosure to others would create a substantial risk of serious injury.

11  This designation is reserved for information that constitutes proprietary financial,

12  technical or commercially sensitive competitive information that the Producing

13  Party maintains as highly confidential in its business, the disclosure of which is

14  likely to cause harm to the competitive position of the Producing Party.

15       9.     "Counsel of Record" means: (i) counsel who appear on the pleadings

16  as counsel for a Party; and (ii) partners, associates and employees of such counsel

17  to whom it is reasonably necessary to disclose the information for this litigation,

18  including supporting personnel employed by the attorneys, such as paralegals, legal

19  translators, contract attorneys, legal secretaries, legal clerks and shorthand

20  reporters; or (iii) independent legal translators retained to translate in connection

21  with this action, or independent shorthand reporters retained to record and

22  transcribe testimony in connection with this action.

23       10.    "Outside Consultant" means a person with specialized knowledge or

24  experience in a matter pertinent to the litigation who has been retained by a Party or

25  Counsel of Record to serve as an expert witness or as a consultant in this action and

26  who is not a current employee of a Party.

27       11.    "Professional Vendors" means persons or entities that provide

28  litigation support services (e.g., photocopying; videotaping; translating; designing

PROTECTIVE ORDER                    - 1 -

1  and preparing exhibits, graphics or demonstrations; organizing, storing or retrieving

2  data in any form or media; etc.) and their employees, agents, or subcontractors.

3  This definition includes a professional jury or trial consultant retained in connection

4  with this litigation and mock jurors retained by such a consultant to assist them in

5  their work.  Professional Vendors do not include consultants who fall within the

6  definition of Outside Consultant.

7  **B.**     **Scope.**

8          12.     The protection conferred by this Protective Order covers not only

9  Designated Materials, but any information copied or extracted therfrom, as well as

10  all copies, excerpts, summaries or compilations thereof.  Nothing herein shall alter

11  or change in any way the discovery provisions of the Federal Rules of Civil

12  Procedure or this Court's deadlines provided in the Scheduling Order.

13  Identification of any individual pursuant to this Protective Order does not make that

14  individual available for deposition or any other form of discovery outside of the

15  restrictions and procedures of the Federal Rules of Civil Procedure, the Local Civil

16  Rules for the United States District Court for the Central District of California and

17  the procedures and rules of practice before the Honorable S. James Otero and the

18  Honorable Patrick J. Walsh.

19          13.     The Parties agree for source code (or source code listing), object code

20  (or object code listing), executable code, or similarly sensitive software code,

21  whether in electronic or printed form (collectively, "Software Code") to negotiate

22  in good faith the terms of a supplemental protective order that will apply to any

23  Software Code that should be produced in this action.

24          14.     The restrictions and requirements of this Protective Order shall not

25  apply to information that: (i) was, is or becomes public knowledge not in violation

26  of this Protective Order; (ii) was or is acquired by the Receiving Party from a third

27  party having no obligation of confidentiality to the Designating Party; or (iii) was in

28  the Receiving Party's rightful and lawful possession at the time of disclosure, or

1   developed independently by the Receiving Party without the use of confidential
2   information or Material protected by this Protective Order.  Except for information
3   that a Designating Party alleges in pleadings or other court record to have become
4   public knowledge or to already be in the possession of the Receiving Party prior to
5   the instigation of this lawsuit, the burden of proving that information falls within
6   the scope of one or more of the exceptions provided for in this paragraph shall fall
7   on the Receiving Party.

8       15.     Nothing in this Protective Order shall prevent disclosure beyond the
9   terms of this Protective Order if the Designating Party consents in writing to such
10  disclosure or if the Court, after notice to the other Parties and the opportunity to be
11  heard, orders such disclosure.

12      16.     It is the responsibility of counsel for each Party to maintain materials
13  containing Designated Materials in a secure manner and appropriately identified so
14  as to allow access to such information only to such persons and under such terms as
15  is permitted under this Protective Order.

16  **C.    Designation of Protected Information.**

17      17.     Subject to the limitations set forth in this Protective Order, a
18  Designating Party may designate Material: (i) as "CONFIDENTIAL" if, in
19  concurrence with its counsel and in good faith, the Designating Party believes the
20  Materials meet the definition set forth in Paragraph 7, above; (ii) as
21  "ATTORNEYS' EYES ONLY" if, in concurrence with its counsel and in good
22  faith, the Designating Party believes the Materials meet the definition set forth in
23  Paragraph 8, above.

24      18.     Marking of documents or things as "ATTORNEY'S EYES ONLY,"
25  "ATTORNEY EYES ONLY," or by substantially similar designation shall have the
26  same effect as marking them "ATTORNEYS' EYES ONLY."

27      19.     Any Material (including physical objects) made available for initial
28  inspection by counsel for the Receiving Party prior to production shall initially be

considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" and shall be subject to this Protective Order.  Thereafter, the Producing Party shall have ten (10) calendar days from the inspection, or any other time agreed to by the Parties and their counsel, to designate the appropriate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

20.    Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Protective Order must be designated in accordance with this Section C before the Material is disclosed or produced.

21.    For Material produced in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the appropriate designating legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") on each page that contains Designated Material, wherever practicable.

22.    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the case of depositions, the Designating Party will use its best efforts to make all such designations during the deposition by requesting the reporter to so designate the transcript or any portion thereof.  If no such designation is made at the time of the deposition, the Designating Party may later designate any portion of a deposition transcript, including testimony, documents or information disclosed at the deposition, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying all Parties in writing of the specific pages and lines of the transcript, or the included documents and information, that is to be so designated.  Such notification shall be made within thirty (30) calendar days of completion of the deposition.  All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the

1   thirty (30) day period has expired.  If no designation is made during the thirty (30)

2   day period, the entire deposition will be considered devoid of Designated Material.

3   Transcript pages containing Designated Material shall bear the appropriate

4   designating legends  ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"), as

5   instructed by the Designating Party.  Further, if the Designating Party provides

6   written notice during the thirty (30) day period that certain testimony is Designated

7   Material, such final and timely written designation notice shall be attached by each

8   Party to the deposition transcript and each copy thereof.

9   **D.**   **Inadvertent Failure to Designate.**

10        23.    The inadvertent failure to designate or withhold information as

11   Designated Material does not waive a later claim to the Material's confidential

12   nature, nor does it waive the Designating Party's right to secure protection under

13   this Protective Order for such Material at a later date in writing and with

14   particularity.  Upon discovery of an inadvertent failure to designate, as soon as

15   reasonably possible a Producing Party must notify the Receiving Party in writing

16   that the Material is to be designated as "CONFIDENTIAL" or "ATTORNEYS'

17   EYES ONLY" with the factual basis for the assertion of the designation being

18   made.  Upon receipt of such notice, the Receiving Party shall thereafter take

19   reasonable steps to ensure that all known copies of the previously produced

20   Materials are treated in accordance with their new designation and the terms of this

21   Protective Order, subject to the right to challenge the propriety of such

22   designation(s).  The Producing Party shall provide substitute copies of any Material

23   being later-designated, with the substitute copy bearing the appropriate designated

24   legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

25   **E.**   **Challenge to Designations.**

26        24.    The Parties will use reasonable care when designating Material as

27   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  However, nothing in this

28   Protective Order shall prevent a Receiving Party from contending that any or all

Materials have been improperly identified as Designated Material.

25.     A Receiving Party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.  A Receiving Party may challenge a Designating Party's designation at any time, requesting that the Designating Party cancel or modify the designation with respect to any Material or information contained therein.  Any Receiving Party disagreeing with a designation at any point in these proceedings may make a request, in writing, that the Designating Party change the designation, identifying the Material or information that the Receiving Party contends should be differently designated and serving such written request on counsel for the Producing Party.  The failure of a Receiving Party to challenge a document's designation cannot be used as evidence to support the presence or absence of any trade secret that may or may not be contained in the designated document.

26.     The Parties shall use their best efforts to promptly and informally resolve any such dispute as to the propriety of a designation under this Protective Order.  The Designating Party shall have the burden of proving that the information in question is within the scope of protection defined in Paragraphs 7 and 8.  However, if the Parties are unable to reach agreement as to the final designation of the challenged Material or information within ten (10) business days after the Receiving Party provides written notice of its challenge to the designation, the Receiving Party may at any time thereafter seek a court Order altering the confidential status of the Designated Material by canceling or modifying a "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation.

27.     Any Material or information challenged pursuant to this Section E shall be treated by all Parties as originally designated by the Designating Party until such challenge to its designation is either resolved informally by the Parties or ruled upon by the Court.

**F.      Access to and Use of Designated Material.**

28.      Designated Material may only be used for the purpose of preparation, trial and appeal of the present action and shall not be used in any other way. Designated Material may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

29.      Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

30.      **CONFIDENTIAL Material**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)      No more than three (3) technical employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision or oversight of this litigation and who have: (i) been provided a copy of this Protective Order; and (ii) signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A;

(b)      Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)      Three (3) in-house counsel for the Receiving Party;

(d)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have: (i) been provided a copy of this Protective Order; and (ii) signed both the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A;

(e)      Witnesses at deposition and/or trial, provided that such witness may not retain copies of Designated Material unless permitted by other provisions

1  of this Protective Order;

2         (f)    The Court and its personnel;

3         (g)    Any designated arbitrator or mediator who is assigned to hear

4  this matter and his or her staff who have: (i) been provided a copy of this Protective

5  Order; and (ii) signed the "Agreement to be Bound by Protective Order" attached

6  hereto as Exhibit A;

7         (h)    Court reporters; and

8         (i)    Professional Vendors to which disclosure is reasonably

9  necessary for this litigation and who have: (i) been provided a copy of this

10  Protective Order; and (ii) have signed the "Agreement to be Bound by Protective

11  Order" attached hereto as Exhibit A.

12      31.   **ATTORNEYS' EYES ONLY Material.**  Unless otherwise ordered

13  by the Court or permitted in writing by the Designating Party, a Receiving Party

14  may disclose any information, documents or things designated "ATTORNEYS'

15  EYES ONLY":

16         (a)    No more than two (2) technical employees of the Receiving

17  Party to whom disclosure is reasonably necessary for the management, supervision

18  or oversight of this litigation and who have: (i) been provided a copy of this

19  Protective Order; and (ii) signed the "Agreement to be Bound by Protective Order"

20  attached hereto as Exhibit A;

21         (b)    Persons who appear on the face of Designated Material as an

22  author, addressee or recipient thereof;

23         (c)    Counsel of Record for the Receiving Party;

24         (d)    Two (2) in-house counsel for the Receiving Party;

25         (e)    Outside Consultants of the Receiving Party to whom disclosure

26  is reasonably necessary for this litigation and who have: (i) been provided a copy of

27  this Protective Order; and (ii) signed the "Agreement to be Bound by Protective

28  Order" attached hereto as Exhibit A;

1          (f)     The Court and its personnel;

2          (g)     Any designated arbitrator or mediator who is assigned to hear

3 this matter and his or her staff who have: (i) been provided a copy of this Protective

4 Order; and (ii) signed the "Agreement to be Bound by Protective Order" attached

5 hereto as Exhibit A;

6          (h)     Court reporters; and

7          (i)     Professional Vendors to which disclosure is reasonably

8 necessary for this litigation and who have: (i) been provided a copy of this

9 Protective Order; and (ii) have signed the "Agreement to be Bound by Protective

10 Order" attached hereto as Exhibit A.

11     31A.  If the Lucchi parties or the Professor/University parties believe that a

12 particular responsive document contains information that is of economic value, is

13 not generally known, and has not been disclosed to either GM or

14 Finmeccanica/ARI, such document may be designated as "Outside and Inside

15 Counsel Only."  Documents designated as "Outside and Inside Counsel Only" may

16 only be viewed by the persons identified in paragraphs 31(b) through 31(i) of this

17 Order.  If counsel for the Receiving Party believes that information produced as

18 "Outside and Inside Counsel Only" was improperly designated as such, the

19 provisions of Section E, paragraphs 24-27, shall apply.

20     32.    Each person to whom Designated Material may be disclosed, and who

21 is required to sign the "Agreement to be Bound by Protective Order" attached

22 hereto as A, shall do so prior to the time such Designated Material is disclosed to

23 him or her.  Counsel for a party who makes any disclosure of Designated Material

24 shall retain each original executed certificate and, upon written request, shall

25 provide copies to counsel for all other parties at the termination of this action.

26     33.    Pre-trial and trial proceedings shall be conducted in a manner, subject

27 to the supervision of the Court, to protect Designated Material from disclosure to

28 persons not authorized to have access to such Material.  Any Party intending to

1    disclose or discuss Designated Material at pretrial or trial proceedings must give

2    advance notice to assure the implementation of the terms of this Protective Order.

3    **G.     Use of Designated Material at Trial.**

4        34.     Prior to the trial of this matter, the Parties shall confer in good faith in

5    an effort to reach agreement concerning a joint proposal to the Court with respect to

6    the handling of Designated Materials, in conformance with the terms and

7    obligations of this Protective Order, and shall make such proposal no later than at

8    the final pre-trial conference in this case.  If the Parties are unable to reach

9    agreement on this subject, each Party may make its own submission to the Court no

10   later than at the final pre-trial conference in this case.

11   **H.     Access by Outside Consultants.**

12       35.     If a Receiving Party wishes to disclose another Party's Designated

13   Material to any Outside Consultant, such Receiving Party must provide written

14   notice to counsel for the Designating Party, which notice shall include:

15   (a) the Outside Consultant's name and business' title; (b) the Outside Consultant's

16   business address; (c) the Outside Consultant's business or profession; (d) the

17   Outside Consultant's CV or resume; (e) an identification of any previous or current

18   relationship, personal or professional, between the Outside Consultant and any of

19   the Parties; (f) a list of all companies with which the Outside Consultant has

20   consulted or by which the Outside Consultant has been employed within the last

21   four (4) years; and (g) a signed copy of the "Agreement to be Bound by Protective

22   Order" attached hereto as Exhibit A.

23       36.     The Designating Party shall have five (5) calendar days from receipt of

24   the notice specified in Paragraph 35 (plus three (3) additional days if such notice is

25   provided by means other than hand delivery, e-mail transmission or facsimile

26   transmission) to object in writing to the disclosure of the Designated Material to the

27   Outside Consultant.  Any such objection must set forth, in detail, the ground on

28   which it is based.  After the expiration of the notice period, if no objection has been

asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Protective Order. However, if the Designating Party provides written objection within the 3-day (plus 3-days, if appropriate) notice period, the Receiving Party may not disclose Designated Material to the Outside Consultant absent resolution of the dispute or an appropriate Court Order.

37. In the event that the Designating Party objects pursuant to Paragraph 36, the Parties shall meet and confer and use their best efforts to promptly and informally resolve the dispute as to the disclosure of Designated Material to the objected-to Outside Consultant. If the Parties are unable to reach such a resolution within five (5) business days after the Designating Party provided its written objection, the Designating Party may, within five (5) business days after the Designating Party provided its written objection, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief.

38. If the Designating Party fails to file a motion pursuant to Paragraph 37 for a protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual, upon the Outside Consultant's signing of the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A. If the Designating Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged Outside Consultant until and unless a ruling allowing such disclosure is made by the Court or by the consent of the objecting Designating Party, whichever occurs first.

**I.     No Waiver of Privilege.**

39. Inspection or production of any documents or things shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within five (5) calendar days after the Producing Party becomes aware of any inadvertent or unintentional

disclosure, the Producing Party: (i) designates in writing any such documents subject to the attorney-client privilege or work product immunity or any other applicable privilege or immunity; (ii) provides a factual basis for the assertion of privilege or immunity; and (iii) requests return of such documents to the Producing Party.  Upon such request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**J.      Filing Designated Material with the Court.**

40.      Unless the Designating Party gives written permission to not file under seal, a Party that wishes to file any Designated Material shall seek approval of the court pursuant to Local Rule 79-5.1, and any other relevant rules and procedures of this Court, to file the Designated Material under seal.  If the court does not approve filing under seal, the material may be filed.  If the court does approve filing under seal, Designated Material filed under seal shall bear the caption of this action, the appropriate designation legend ("CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"), an indication that the contained information is subject to a protective order, and a statement substantially similar to the following form:

> This envelope contains confidential information filed in this case by [name of Party] and is not to be opened, nor the contents thereof to be displayed or revealed, except by order of the Court presiding over this matter.

41.      The Parties shall provide, when practicable, advance notice to the Court and other Producing Parties when they intend to use Designated Material in court proceedings.  The Parties agree that such use of Designated Material does not compromise the designated status of such information, and the Parties agree that any Producing Party may seek to have such information maintained, by the Court, as Designated Material.

42.     Nothing in this Protective Order shall prevent a Party from using, during depositions or court proceedings, any Designated Material, as long as the Party's use is in accordance with the terms of this Protective Order.  Further, nothing in this Section J shall preclude a Party from delivering an additional courtesy copy of any paper containing Designated Material, which copy is not sealed, directly to the judge responsible for the litigation.

**K.     Subpoena or Order to Produce Designated Material in Other Proceedings.**

43.     If a Receiving Party is served with a subpoena or court order that would compel disclosure of any Designated Material, the Receiving Party must promptly notify the Designating Party of such subpoena or order in writing (by fax and e-mail) promptly, within ten (10) calendar days from the Receiving Party's receipt of the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party must also immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the Material covered by the subpoena or order is Designated Material subject to the terms of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action who caused the subpoena or order to issue.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidentiality interests in the Designated Material from the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from a court in another action or proceeding.

**L.     Unauthorized Disclosure of Designated Material.**

44.     The inadvertent or unintentional disclosure of Designated Material to any person or in any circumstance not authorized under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party of a Party's claim of

1   confidentiality, either as to the specific information disclosed or as to any other

2   information relating thereto or on the same or related subject matter.

3        45.    If a Receiving Party learns that, by inadvertence or otherwise, it has

4   disclosed Designated Material to any person or in any circumstance not authorized

5   under this Protective Order, the Receiving Party must immediately: (i) notify the

6   Designating Party, in writing, of such unauthorized disclosure; (ii) use its best

7   efforts to retrieve all copies of the disclosed Designated Material; (iii) inform the

8   person(s) to whom unauthorized disclosures were made of all the terms of this

9   Protective Order; and (iv) request such person(s) to execute the "Acknowledgement

10  and Agreement to be Bound" attached to this Protective Order as Exhibit A.

11  **M.    <u>Non-Party Use of this Protective Order.</u>**

12       46.    A non-party producing information or material voluntarily or pursuant

13  to a subpoena or a court order may designate such material or information in the

14  same manner as Parties and shall receive the same level of protection under this

15  Protective Order as any Party to this lawsuit.

16       47.    A non-party's use of this Protective Order to protect its

17  "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information does not

18  entitle that non-party to access any Designated Material produced by any Party in

19  this case.

20  **N.    <u>Return or Destruction of Designated Material.</u>**

21       48.    Unless otherwise ordered or agreed in writing by the Producing Party,

22  within sixty (60) calendar days after the final termination of this action (final

23  judgment, including the exhaustion of all appeals, or dismissal pursuant to a

24  settlement agreement), each Receiving Party or other person subject to the terms of

25  this Protective Order must destroy or return all Designated Material to the

26  Producing Party.  As used in this Paragraph 48, "all Designated Material" includes

27  all copies, abstracts, compilations, summaries or any other form of reproducing or

28  capturing any of the Designated Material.  The Receiving Party must submit a

PROTECTIVE ORDER                              - 14 -

written confirmation of the return or destruction of all Designated Material to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copy that contains or constitutes Designated Material remains subject to this Protective Order as set forth in Section N of this Protective Order.

**O.**   **Remedies.**

49.   It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold the Parties or other violators of this Protective Order in contempt.  All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

50.   Any Party or third-party may petition the Court for good cause shown, in the event that such Party or third-party desires relief from a term or condition of this Protective Order.

**P.**   **Modification of this Protective Order.**

51.   A Party may seek the written permission of the other Parties or further order of this Court, after notice to the other Parties and an opportunity to be heard, with respect to modification of this Protective Order.  The Parties may, by written stipulation, provide for exceptions or modifications to this Protective Order.

**Q.**   **Continuing Effect of the Obligations of this Protective Order.**

52.   Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party

1    agrees otherwise in writing or a court issues an order, after notice to the other

2    Parties and an opportunity to be heard, with respect to dissolution or modification

3    of this Protective Order.

4    **R.      Miscellaneous.**

5          53.    This Protective Order is entered without prejudice to the right of any

6    Party to apply to the Court at any time for additional protection or to relax or

7    rescind the restrictions of this Protective Order, when convenience or necessity

8    requires.  Nothing in this Protective Order abridges the right of any person to seek

9    to assert other objections.  No Party waives any right it otherwise would have to

10   object to disclosing or producing any information, documents, or things on any

11   ground not addressed in this Protective Order.  Similarly, no Party waives any right

12   to object on any ground to the use in evidence of any of the Material covered by

13   this Protective Order.  The Court shall take appropriate measures to protect

14   Designated Material at trial and at any hearing in this case.

15         54.    The United States District Court for the Central District of California,

16   Western Division, is responsible for the interpretation and enforcement of this

17   Protective Order.  All disputes concerning Designated Material produced under the

18   protection of this Protective Order shall be resolved by the United States District

19   Court for the Central District of California, Western Division.  Every individual

20   who receives any Designated Material agrees to subject himself or herself to the

21   jurisdiction of this Court for the purpose of any proceedings related to performance

22   under, compliance with, or violation of this Protective Order.

23         Stipulated and agreed to by the Parties through counsel:

24

25

26

27

28

PROTECTIVE ORDER                        - 16 -

1   Dated:  August 11, 2008          Respectfully submitted,

2                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

3                                    By: _____ /s/ Robert M. Isackson _____
                                            Robert M. Isackson
4
                                     Attorneys for Plaintiffs/Counterclaim Defendants
5                                    FINMECCANICA S.P.A. AND ANSALDO
                                     RICERCHE S.P.A
6

7

8   Dated:  August 11, 2008          Respectfully submitted,

9                                    KIRKLAND & ELLIS LLP

10                                   By: _____ /s/ David I. Horowitz _____
                                            David I. Horowitz
11
                                     Attorneys for Defendant/Counterclaimant and
12                                   Plaintiff/Counterclaim Defendant
                                     GENERAL MOTORS CORPORATION
13

14

15  Dated:  August 11, 2008          Respectfully submitted,

16                                   ROPERS, MAJESKI, KOHN & BENTLEY

17                                   By: _____ /s/ Arnold E. Sklar _____
                                            Arnold E. Sklar
18
                                     Attorneys for Defendants
19                                   UNIVERSITY OF ROME "LA SAPIENZA,"
                                     UNIVERSITY OF ROME 3, FABIO
20                                   CRESCRIMBINI, AND FEDERICO CARICCHI

21

22

23  Dated:  August 11, 2008          Respectfully submitted,

24                                   RUSS, AUGUST & KABAT

25                                   By: _____ /s/ Stephen M. Lobbin _____
                                            Stephen M. Lobbin
26
                                     Attorneys for Defendants and Counter Claimants
27                                   LUCCHI R. ELETTROMECCANICA S.R.L.
                                     AND GIORGIO LUCCHI
28

PROTECTIVE ORDER                     - 17 -

1

2     **IT IS SO ORDERED.**

3

4     Dated:  August __13__, 2008          By: _____

5                                                        The Honorable Patrick J. Walsh

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                              - 18 -

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

    1.    I reside at _____;

    2.    My present employer is _____;

    3.    My present occupation or job description is _____;

    4.    I agree to keep confidential all information provided to me in the consolidated matters of Finmeccanica S.p.A. and Ansaldo Ricerche S.p.A. v. General Motors Corporation, Case No. CV-07-8222 SJO (PJWx) and General Motors Corporation v. University of Rome "La Sapienza" et al., Case No. CV-07-7537 SJO (PJWx) in the United States District Court for the Central District of California, Western Division, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

    5.    I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Protective Order;

    6.    I agree to return all Designated Materials that come into my possession, and documents or things which I have prepared relating thereto, by no later than thirty (30) days after litigation between the Parties has ended; and

    7.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

                  [date]

_____       _____

    [printed name]                  [signature]

1

**CERTIFICATE OF SERVICE**

2

     The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Central District of California CM/ECF system on August 11, 2008.

3

4

5

6

                         /s/ David Horowitz

7

David Horowitz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                 - 20 -